Piñero et al., Demandantes y Apelantes, *v.* Ruiz, Demandado y Apelado.

No. 3134.—*Visto:* Febrero 21, 1924. *Resuelto:* Junio 10, 1924.

Reivindicación—Demanda Confusa no Aclarada—Prescripción· Extraordinaria.—En este pleito entablado para reivindicar una finca que se alega había sido englobada en otra de mayor cabida, *se resolvió:* que no erró la Corte de Distrito al dictar su sentencia desestimando finalmente la demanda, porque siendo sus alegaciones confusas y contradictorias, los demandantes debieron aclararlas en la oportunidad que se les diera y no lo hicieron, y porque apareciendo de la demanda que el primitivo causante del demandado inscribió como suya la finca en el registro desde 1880, no obstante haber sido englobada en otra mayor, resulta que la acción reivindicatoria que pudieran tener los demandantes ha prescrito y el demandado ha adquirido, por prescripción extraordinaria, el dominio de la finca en cuestión.

Sentencia de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*Rincón & Vizcarrondo,* abogados de los apelantes; *F. Soto Gras,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Versa este pleito sobre inexistencia de título y de su inscripción en el Registro y sobre reivindicación de propiedad inmueble.

La demanda dice:

"Primero:—Que don Basilio Piñero Suárez, casado con doña Polonia Estrella, ambos difuntos, fué dueño y poseedor de la siguiente finca: (se describe una de 35 cuerdas).

"Segundo:—Que dicha finca se halla inscrita por título de he-

rencia otorgado en 1857 a favor de dicho Basilio Piñero Suárez, en el Registro de San Juan, P. R., (folio 61 del tomo 11 del Ayuntamiento de Carolina, finca número 520), no constando, del mismo, sino la primera inscripción; y que, según certificado de Agrimensura, la finca se encuentra dentro de los siguientes rumbos:—(se fijan).

"Tercero:—Que dicha finca se halla englobada en otra cuyo total es de 270 cuerdas, conocida por 'Sabana Abajo', de la Municipalidad de Carolina, habiendo sido inscrita de ella solamente 230 cuerdas 64 céntimos, que era la cabida que aparecía según el Registro y no las 270 cuerdas según los títulos.

"Cuarto:—Los demandantes alegan ahora que tal finca de 270 cuerdas según los títulos y 230 cuerdas 64 céntimos de otra según el Registro fué inscrita en su origen en el año 1880 en el Registro de la Propiedad de una manera ilegal, siendo inexistente su título en razón a que, se inscribió con la sola manifestación hecha en testamento nuncupativo por su primitivo dueño Daniel Rodríguez y Arroyo en 17 de febrero de 1876 sin que se presentara en el Registro de la Propiedad el título adquisitivo de trasmisión requerido por la ley, pasando más tarde la propiedad a los herederos de dicho causante Daniel Rodríguez y Arroyo, y en posesión por traspaso del heredero Daniel Rodríguez Piñero, éste la transfirió en el año 1901 a la Sociedad Queipo y Sárraga, pasando de éstos y sucesivamente después por todos sus poseedores hasta llegar al demandado José Ruiz Soler, quien en la actualidad se encuentra bajo la posesión de la misma, pero siempre constando claramente del Registro que la finca se componía de 230 cuerdas 64 céntimos.

"Quinto:—Alegan además los demandantes que ese exceso entre 280 cuerdas según el Registro y 270 cuerdas según los títulos, cuyo vicio es desde su origen, es precisamente dicho exceso de cabida la extensión de la finca de 35 cuerdas 60 céntimos que pertenecía a Basilio Piñero Suárez, causante de los demandantes.

"Y alegan además que al morir Basilio Piñero Suárez allá por los años 1877 ó 78, siendo los demandantes menores de edad, quedó la finca bajo la posesión de Daniel Rodríguez Piñero causahabiente del que se decía ser primitivo dueño Daniel Rodríguez Arroyo, siendo dicha posesión no en concepto de dueño y sí como depositario o encargado del inmueble y quien no lo trasmitió a Queipo y Sárraga, ni podía trasmitirlo, pero al hacer la venta a dicha sociedad mercantil Queipo y Sárraga, ésta de una manera ilegal tomó posesión en el 1901 de dicha finca de 35 cuerdas 60 céntimos, sin título

alguno, y así ha venido sucediéndose la posesión hasta la actualidad que es el demandado José Ruiz Soler.

"Sexto:—Que el demandado, José Ruiz Soler, se halla sin título ni derecho alguno ocupando la finca de 35 cuerdas y 60 céntimos descrita en el apartado primero de esta demanda, y aprovechando y haciendo suyos los frutos de aquélla, desde noviembre 1, 1917."

(De los hechos Séptimo, Octavo, Noveno y Décimo resulta que el demandante Justo Piñero es hijo de Basilio Piñero Suárez, primitivo dueño de la finca reclamada, y que la otra demandante o sea la Sucesión de Sabina Piñero, hija Sabina de Basilio, está compuesta de sus hijos José, Francisco y Esteban Rodríguez y de sus nietas Bríjida Díaz y Carmen Martínez. De los otros seis hijos que dejó Basilio, dos murieron sin dejar descendientes y cuatro cedieron sus derechos y acciones a la herencia a su hermano el demandante Justo).

"Undécimo:—Que al adquirir el demandado José Ruiz Soler dicha finca, aparecían, como se deja dicho, claramente del Registro de la Propiedad los vicios de nulidad por inexistencia de su título y aparecía además claramente inscrita a favor de Basilio Piñero, causante de los demandantes, la finca de 35 cuerdas 60 centavos objeto de esta reclamación, con anterioridad a la adquisición por el demandado de las 230 cuerdas que le fueron inscritas siendo de tal naturaleza y claridad la inscripción a favor de Basilio Piñero que contiene la mensura de la finca hecha por un geómetra y el demandado sabía o debía saber que esa finca estaba englobada en la que había adquirido y que su posesión era ilegal y de mala fe.

"Duodécimo:—Los frutos producidos y los debidos producir por dicha finca ascienden a la suma de $5,000 en los seis años en que ha estado la finca bajo la posesión ilegal del demandado."

El demandado alegó que la demanda no aducía hechos suficientes para determinar una causa de acción, por los siguientes fundamentos:

"(*a*) Que no constando de la demanda la fecha de inscripción de la finca que tratan de reivindicar los demandantes, sin que éstos la tengan inscrita a su nombre y por el contrario apareciendo que el demandado y sus antecesores que son terceros.

"(*b*) Que los demandantes reclaman el total de la finca objeto de la demanda y según aparece de la alegación décima los hermanos Matilde, Basilio, Emilio e Ignacio Piñero Estrella cedieron al demandante Justo Piñero Estrella sus derechos y acciones en la herencia de sus padres, pero no así los derechos que adquirieron por herencia intestada de sus hermanos José Asunción y Cruz Piñero Estrella, según se alega en el hecho noveno, y, por tanto, los condominios éstos faltan para completar la plenitud del título alegado por los demandantes.

"(*c*) Que tanto el dominio como la acción real sobre la finca reclamada han sido perdidos por los demandantes ya que, desde 1877 ó 1878 o desde 1880 (alegaciones cuarta y quinta) han pasado más de treinta años durante los cuales el demandado por sí y por sus causantes o antecesores en título ha estado en la posesión de la finca que se trata de reivindicar. En su consecuencia alegamos que la acción ejercitada está prescrita de acuerdo con el artículo 1864 del Código Civil y también que el dominio de la misma ha prescrito a favor del demandado conforme al art. 1860 del citado cuerpo legal.''

La excepción fué declarada con lugar por el último de sus fundamentos, dictándose finalmente la sentencia apelada así:

"El eviccionista Antonio Alvarez interpuso a la demanda enmendada, entre otras, la excepción previa de falta de causa de acción, por el fundamento adicional a otros también expuestos como parte de la excepción, de que tanto la acción ejercitada como el dominio sobre el inmueble objeto de reivindicación están prescritos de acuerdo con los artículos 1860 y 1864 del Código Civil. Y con fecha 22 de mayo de 1923 luego de dictada y sometida esta excepción previa, fué declarada por la corte con lugar por aparecer de la demanda que el demandado. o sus causantes o antecesores en título han poseído la finca objeto de la reclamación durante más de treinta años y de acuerdo con las disposiciones de los artículos citados del Código Civil, la acción para reclamar ha prescrito juntamente con el derecho de dominio del demandado. Y se concedió permiso a los demandantes para enmendar, si pudieren dentro de diez días, la demanda. Transcurrido con exceso este término sin que los demandantes hubieren enmendado su demanda, el eviccionista ha solicitado que se dicte sentencia por los méritos de la resolución mencionada.

"Y la corte, tomando en consideración su resolución de la excepción previa a la solicitud para que se dicte sentencia, declara sin

lugar la demanda, con las costas, desembolsos y honorarios de abogado a cargo de los demandantes.''

Examinemos la cuestión de prescripción envuelta. Los hechos se exponen en la demanda en forma tan confusa, que en realidad es difícil penetrar en la verdad de lo ocurrido.

Es cierto que en el hecho quinto se dice que Daniel Rodríguez Arroyo al morir Basilio Piñero quedó en posesión de la finca no como dueño sino como depositario y que si ello fuera así no podría prescribir el dominio a su favor, pero también lo es que en el hecho cuarto se califica a Daniel Rodríguez Arroyo de *primitivo dueño.* Además, si bien varias veces se llama la atención sobre la diferencia de cabida resultante entre el *título* y la *inscripción,* es lo cierto que la inscripción se verificó desde 1880 a virtud del título que comprende englobada la finca reclamada, y si esto es así, es necesario reconocer que desde 1880 por lo menos, existió un acto público ostensible por parte del *primitivo dueño* Rodríguez de actuar como tal y no como depositario, comenzando a correr desde entonces tanto la prescripción extraordinaria para adquirir el dominio, — que no requiere buena fe ni justo título—, cuanto la que regula el ejercicio de la acción reivindicatoria, y como han transcurrido con exceso los treinta años que la ley requiere, no puede sostenerse que la corte errara al desestimar finalmente la demanda, sobre todo después de haber dado una oportunidad para que ésta se enmendara sin que los demandantes lo hicieran.

Bajo la base de hechos y conclusiones tan confusos y aún contradictorios como los que aquí se alegan, no es posible despojar de su aparente derecho a un poseedor que adquirió la propiedad a virtud de repetidas transferencias y de un título inscrito desde hace más de cuarenta años en el registro de la propiedad.

*Debe confirmarse la sentencia recurrida.*